UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA E. RANGEL, | ) | 1:06-cv-00884-SMS |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER DENYING |
| v. | ) | PLAINTIFF'S SOCIAL SECURITY |
| | ) | COMPLAINT (DOCS. 1, 9) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | ORDERING DIRECTING THE ENTRY OF |
| Security, | ) | JUDGMENT FOR DEFENDANT MICHAEL J. |
| | ) | ASTRUE, COMMISSIONER OF SOCIAL |
| Defendant. | ) | SECURITY, AND AGAINST PLAINTIFF |
| | ) | MARIA E. RANGEL |

Plaintiff is proceeding with counsel and is seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying an application for benefits. By order dated November 7, 2006, Judge Anthony W. Ishii reassigned this case to the undersigned Magistrate Judge because both parties had consented to the Magistrate's jurisdiction to conduct all proceedings, including ordering the entry of judgment, pursuant to 28 U.S.C. § 636(c). The matter is currently before the Court on the parties' briefs, which have been submitted without oral argument.

////

1

I. Procedural History

On July 7, 2003, Plaintiff applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), alleging disability since June 30, 2003, due to left wrist injury of November 5, 1997; elbow, shoulder, neck, and upper back pain; arthritis; and deformation of hands. (A.R. 54-57.) After Plaintiff's claim was denied initially and on reconsideration, Plaintiff requested, and appeared at, a hearing before the Honorable Mark C. Ramsey, Administrative Law Judge (ALJ) of the Social Security Administration (SSA), on May 17, 2005. (A.R. 31-40, 12.) Plaintiff appeared with an attorney and testified. (A.R. 12.) On January 21, 2006, the ALJ denied Plaintiff's application for benefits. (Id. at 12-22.) Plaintiff appealed the ALJ's decision to the Appeals Council. After the Appeals Council denied Plaintiff's request for review on May 6, 2006, Plaintiff filed the complaint in this action on July 6, 2006. (Id. at 4-6.) Briefing commenced on February 27, 2007, and was completed on April 9, 2007, with the filing of Defendant's memorandum in opposition.

II. Standard and Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10

(9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See, Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

III. Disability

3

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that the claimant is not only unable to do the claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. 1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual functional capacity, as well as her age, education and last fifteen years of work experience. Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: 1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (1997);[1] 2) whether solely on the basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the

---

[1] All references are to the 2006 version of the Code of Federal Regulations unless otherwise noted.

4

individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant has sufficient residual functional capacity, defined as what an individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and 5) whether on the basis of the applicant's age, education, work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

With respect to SSI, the five-step evaluation process is essentially the same. See 20 C.F.R. § 416.920.

Here, the ALJ concluded that Plaintiff, who was fifty-three years old, had completed the sixth grade in Mexico, and was able to communicate in English, could not perform her past relevant work as a grape picker and packer. However, Plaintiff's severe impairments of degenerative joint disease of the cervical spine and bilateral carpal tunnel syndrom, status post left carpal tunnel release in May 2004, and right carpal tunnel release in March 2005 resulted in Plaintiff's having a residual functional capacity (RFC) to perform a full range of light work reduced by postural limitations that precluded no more than occasional climbing, crawling, kneeling, stooping, or crouching, and manipulative limitations that precluded more than occasional above-shoulder-level work and frequent fine manipulation with the left upper extremity. (A.R. 14.)

5

The ALJ expressly stated that the Medical-Vocational Rules (the "Grids"), and specifically Rule 202.10, could not be strictly applied because Plaintiff had non-exertional postural and manipulative limitations that narrowed the range of work that she was capable of performing. (A.R. 20). However, he concluded that Plaintiff, an individual closely approaching advanced age with an education that was limited or less, literacy, ability to communicate in English, and an unskilled work history, could nevertheless perform work such that the occupational base was not significantly eroded by the non-exertional limitations. The ALJ expressly stated:

> The undersigned, however, notes that Social Security Rulings 83-14 and 85-15 provide a basis for a conclusion that the occupational base would not be significantly eroded by the claimant's non-exertional limitations which, as noted above, consist of the postural limitations for only occasional bending, climbing, crawling, crouching, kneeling, and stooping. Specifically, Social Security Ruling 83-14 states that the inability to ascend or descend scaffolding, poles, and ropes would not significantly affect the potential unskilled light occupational base. That ruling also notes that light work necessarily involves only occasional bending and stooping. Social Security Ruling 85-15 also states that crawling, crouching, and kneeling limitations do not have a significant impact on the broad world of work and that some limitation in climbing is also not significant. Accordingly, the undersigned finds that the claimant's non-exertional limitations do not significantly erode the occupational base.

(A.R. 20.) The ALJ then used Rule 202.10 as a framework and found that Plaintiff was not disabled because there were jobs, existing in significant numbers in the national economy, which Plaintiff was able to perform. (Id.)

   IV. <u>Failure to Require the Testimony of a Vocational Expert</u>

The sole issue raised in this action by Plaintiff is the

6

ALJ's failure to require the testimony of a vocational expert (VE) to support the finding at step five that Plaintiff could perform other work.

Once a claimant proves he cannot return to his former work, the Secretary must show that there are jobs in the national economy that the claimant can perform. Jones v. Heckler, 760 F.2d 993, 998 (9th Cir.1985).

The Medical-Vocational Guidelines, found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the Grids" or "Grid Rules") permit the ALJ to take administrative notice of the existence of jobs in the national economy in light of a claimant's residual functional capacity (RFC), in combination with his or her age, education, and work skills. Where the findings regarding a particular claimant coincide with all the criteria of a particular Grid Rule, that Rule will direct a conclusion as to whether or not the claimant is or is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a). The guidelines may only be applied when they accurately reflect a claimant's limitations. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576-77 (9th Cir. 1988). If a nonexertional limitation significantly limits the range of work one can perform, mechanical application of the grids is inappropriate, and a VE is required. Tackett v. Apfel, 180 F.3d 1194, 1102 (9th Cir. 1999). Absent other reliable evidence of an applicant's ability to perform specific jobs, the Secretary must use a vocational expert. Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985). However, where nonexertional limitations are found not to significantly limit a claimant's exertional capacity, then use of the Grids as a framework is

appropriate. <u>Razey v. Heckler</u>, 785 F.2d 1426, 1430 (9th Cir. 1986), <u>as amended</u>, 794 F.2d 1348 (where substantial evidence supported the agency's conclusion that the claimant's generalized anxiety disorder did not prevent him from engaging in the work that he was physically able to do, use of the grids was appropriate); <u>Odle v. Heckler</u>, 707 F.2d 439, 440 (9th Cir.1983) (where substantial evidence supported the finding that the claimant's non-exertional impairments of deafness, dizziness, and drug dependence did not significantly limit his exertional capacities, use of the grids was appropriate, and no finding as to specific jobs was required); <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d at 577 (stating that where there is a non-exertional limitation, the ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by the exertional limitations).

The functional capacity to perform a full range of light work includes approximately 1600 separate sedentary and light unskilled occupations constituting jobs that can be performed after a short demonstration or within thirty days, and do not require special skills or experience. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(a). Each occupation represents numerous jobs in the national economy. Soc. Sec. Ruling 85-15.

The capacity to perform a full range of light work represents a substantial work capability compatible with making a work adjustment to substantial numbers of unskilled jobs and thus generally provides sufficient occupational mobility even for severely impaired individuals who are not of advanced age and have sufficient educational competence for unskilled work. 20

C.F.R. Part 404, Subpart P, Appendix 2, § 202.00(b).

Each functional level of work is defined by the extent of its requirements in the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, and pulling. Soc. Sec. Ruling 83-10 p. 2. For each rule, the remaining exertional capabilities must be sufficient to allow performance of substantially all (meaning nearly all or essentially all) of the primary strength activities defining the particular level of exertion (i.e., sedentary, light, or medium). Id.; Soc. Sec. Ruling 83-11 p. 2.

Social Security Ruling 83-10 sets forth elaborations of the activities needed to carry out the requirements of sedentary, light, and medium work that may be used by decision makers to determine if a claimant has the ability to perform the full range of sedentary, light, or medium work from an exertional standpoint. Soc. Sec. Ruling 83-10 p. 4. With respect to Plaintiff's postural limitations (only occasional bending, climbing, crawling, crouching, kneeling, and stooping), the ruling states that the lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Id. p. 5. Further, Soc. Sec. Ruling 83-14 states:

> After it has been decided that an impaired person can meet the primary strength requirements of sedentary, light, or medium work -- sitting, standing, walking, lifting, carrying, pushing, and pulling -- a further decision may be required as to how much of this potential occupational base remains, considering certain nonexertional limitations which the person may also have. For example, at all exertional levels a person must have certain use of the arms and hands to grasp, hold, turn, raise, and lower objects. Most sedentary jobs require good use of the hands and fingers.

9

> In jobs performed in a seated position which require the operation of pedals or treadles, a person must have the use of his or her legs and feet. <u>Relatively few jobs in the national economy require ascending or descending ladders and scaffolding.</u> Two types of bending must be done frequently (from one-third to two-thirds of the time) in most medium, heavy, and very heavy jobs because of the positions of objects to be lifted, the amounts of weights to be moved, and the required repetitions. They are <u>stooping</u> (bending the body downward and forward by bending the spine at the waist) and <u>crouching</u> (bending the body downward and forward by bending both the legs and spine). <u>However, to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch and would need to stoop only occasionally (from very little up to one-third of the time, depending on the particular job).</u> (Emphasis added.)

Soc. Sec. Ruling 83-14 at 2-3. Further, the inability to ascend or descend scaffolding, poles, and ropes, and the inability to crawl on hands and knees have very little or no effect on the unskilled light occupational base. Soc. Sec. Ruling 83-14 at 4. Finally, Soc. Sec. Ruling 85-15 states that although some stooping is required in almost any kind of work, if one has an ability to stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact. <u>Id.</u> at 6. Crouching and stooping limitations substantially affect medium, heavy, and very heavy job bases, although crawling is a relatively rare activity even in arduous work. Thus, limitations on the ability to crawl or kneel would be of little significance in the broad world of work. Soc. Sec. Ruling 85-15 at 6.

   Therefore, with respect to Plaintiff's limitation to only occasional bending, crawling, crouching, kneeling, and stooping, the rulings clearly indicate that the occupational base would not be significantly reduced.

With respect to climbing, the rulings leave uncovered a range of activity including the climbing of stairs and ramps. Soc. Sec. Ruling 85-15 states that ascending or descending ramps or a few stairs are involved in usual everyday activities at home and at work, and limitations thereon can have varying effects on the occupational base; however, if some limitation in climbing and balancing is the only limitation, it would not ordinarily have a significant impact on the broad world of work, although certain occupations might be ruled out, such as construction painter. Soc. Sec. Ruling 85-15 at 6.

Here, Plaintiff retained the ability to climb structures other than ladders or scaffolds occasionally, or up to one-third of the time. Because the other postural limitations suffered by P had virtually no effect on Plaintiff's light occupational base, and because Plaintiff retained the ability to climb occasionally, the ALJ reasonably concluded on the basis of the rulings that Plaintiff's postural limitations did not significantly limit the range of work permitted by the exertional limitations or significantly erode the occupational base.

With respect to Plaintiff's manipulative limitations (precluding more than occasional above-shoulder-level work and precluding frequent fine manipulation with the left upper extremity), Soc. Sec. Ruling 85-15 provides that a person must have certain use of the arms and hands to grasp, hold, turn, raise, and lower objects; most sedentary jobs require good use of the hands and fingers. However, although bilateral manual dexterity is necessary for the performance of substantially all unskilled sedentary occupations, and although frequent lifting or

11

carrying of objects weighing up to ten pounds is required for the full range of light work, unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers, but rather require gross use of the hands to grasp, hold, and turn objects. (Soc. Sec. Ruling 83-14 at 2, 4.) Many unskilled light jobs generally do not require use of the fingers for fine activities to the extent required in much sedentary work. Soc. Sec. Ruling 85-10 at 5. The inability to use the fingertips to sense the temperature or texture of an object has very little or no effect on the unskilled light occupational base. Soc. Sec. Ruling 83-14 at 4.

Plaintiff's precise limitation of the hands was a limitation from frequent fine manipulation with the left upper extremity; thus, she could occasionally engage in fine manipulation with the left arm, could engage in fine manipulation without limit with the dominant right extremity (A.R. 139), but otherwise was not limited with respect to simple gross manipulative activities. (A.R. 14.) Given the fact that many unskilled light jobs generally do not require use of the fingers for fine activity, the Court concludes that the ALJ did not err in concluding that Plaintiff could perform a full or significant range of light work despite the fact that she could not frequently perform fine manipulation with her non-dominant upper left extremity.

Further, the Court notes that the ALJ carefully analyzed the medical evidence before him and expressly concluded that with respect to the treating and consulting experts to whose assessments he gave much weight (Drs. Herring, Nelson, Gurdin, and Pineda), the assessments were consistent with a light RFC.

(A.R. 19, 16-19.) Plaintiff does not mount any challenge based on the sufficiency of the evidence with respect to the ALJ's weighing of the opinions; rather, Plaintiff's only specific contention concerning the sufficiency of the evidence is the failure of the ALJ to obtain testimony from a VE.

V. Disposition

Based on the foregoing, the Court concludes that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on proper legal standards.

Accordingly, the Court AFFIRMS the administrative decision of the Defendant Commissioner of Social Security and DENIES Plaintiff's Social Security complaint.

The Clerk of the Court IS DIRECTED to enter judgment for Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Maria E. Rangel.

IT IS SO ORDERED.

**Dated:     January 23, 2008**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE